IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEITH A. HILL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-20-1933 |
| DETECTIVE JONES, | * | |
| Defendant. | * | |

***

## MEMORANDUM OPINION AND ORDER

On April 6, 2017, self-represented plaintiff Keith A. Hill, an inmate at the Roxbury Correctional Institution, filed suit pursuant to 42 U.S.C. § 1983 against Detective Jones of the Prince George's County Police Department, alleging that in connection with Hill's criminal matter, Jones lied to the grand jury and at trial, and that he falsified documents. ECF No. 1. Hill requests $2,500,000.00 in compensatory and $1,000,000 in punitive damages, as well as unspecified injunctive relief. Because Hill appears indigent, his Motion for Leave to Proceed in Forma Pauperis, ECF No. 2, will be granted. For the reasons that follow, however, the Complaint shall be dismissed without prejudice.

This action concerns Hill's criminal prosecution for degree burglary, attempted robbery, armed robbery, conspiracy to commit an armed robbery, and conspiracy to commit a robbery in the District Court for Prince George's County. *See State v. Hill*, Criminal No. 0E00547701 (Dist. Ct. for Prince George's Cnty.) & *State v. Hill*, Case No. CT141066A (Cir. Ct. for Prince George's Cnty.). On May 11, 2016, a jury found Hill guilty of attempted second-degree burglary and firearm possession with a felony conviction, but acquitted him of attempted armed robbery, attempted

robbery, and conspiracy to commit armed robbery. *Id.* Hill essentially avers that Jones' perjured testimony and falsified documents resulted in his wrongful conviction. ECF No. 1.

Hill has previously filed a near identical suit in this Court. *See Hill v. Jones*, Civil Action No. PX-17-956 (D. Md. 2017). The Court dismissed the Complaint because, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), Hill could not demonstrate that his criminal conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486–87. Essentially, before the civil rights litigation on a matter related to his guilt in the criminal action may proceed, Hill must receive "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). Accordingly, the case was dismissed without prejudice.

To date nothing suggests that his criminal convictions have been reversed, expunged, invalidated or otherwise called into question to satisfy *Heck*. *See* http://casesearch.courts.state.md.us/casesearch (visited Nov. 9, 2022). Rather, Hill's direct appeal and post-conviction proceedings remain pending. *See Hill*, *supra*, Case No. CT141066A. Accordingly the Court dismisses the Complaint without prejudice so that Hill may refile his claims if he prevails in his challenge of the underlying criminal convictions.

Accordingly, it is this 21st day of November, 2022, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion to Proceed in Forma Pauperis (ECF No. 2) IS GRANTED;
2. The Complaint IS DISMISSED without prejudice;
3. The Clerk SHALL PROVIDE a copy of the foregoing Memorandum and copy of

this Order to Hill; and

4. The Clerk SHALL CLOSE this case.

|  |  |
|---|---|
| 11/21/22 | /S/ |
| Date | Paula Xinis<br>United States District Judge |